HARRIS ET AL., APPELLANTS, *v.*
LEWIS, COMMR., MONTGOMERY COUNTY BD.
OF COUNTY COMMRS., ET AL., APPELLEES.

[Cite as Harris v. Lewis (1982), 69 Ohio St. 2d 577.]

(No. 81-343—Decided March 3, 1982.)

*Ms. Sandra Mendel,* for appellants.

*Mr. Lee C. Falke,* prosecuting attorney, *Ms. Barbara Gorman* and *Mr. Jeffrey M. Silverstein,* for appellees.

CELEBREZZE, C. J. The board concluded that the employees were salaried, and, therefore, no reduction in pay had occurred. Appellants appealed this decision to the Court of Common Pleas of Franklin County, which affirmed. According to statute, a court may affirm the board's order if it is supported by reliable, probative and substantial evidence.[1] This court will not substitute its judgment for the board's where there is some evidence supporting the board's order. See *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 247; *State, ex rel. Board of Edn. of Whitehall,* v. *Bd. of Edn. of Columbus* (1961), 172 Ohio St. 533, 535. In this case there is evidence supporting the board's conclusion[2] and the contrary

---

[1] R. C. 119.12 provides, in pertinent part, that:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

[2] The record includes a stipulation that the personnel handbooks represent official policy regarding working hours. The handbooks (1975 and 1978 editions) state that the standard work week is 40 hours. There also is an affidavit from the personnel administrator which indicates that appellants are listed as salaried employees.

However, there are stipulations which do not necessarily support the board's conclusion. It was stipulated that for appellants the official workday had been 8:00 a.m. to 4:30 p.m. and that past practice had been a one hour break for lunch. According to the resolution at issue, the official workday was standardized as 8:00 a.m. to 5:00 p.m., with a one hour break for lunch.

evidence is not sufficient to invalidate the board's findings. Thus, we will not disturb the findings as determined by both the board and the trial court.

However, we must decide appellants' right to appeal to a court the board's decision concerning an alleged reduction in pay, and secondly, the proper forum for that appeal.

Appellants contend that the extended work hours constituted a non-disciplinary reduction in pay which can be appealed to the Court of Common Pleas of Franklin County pursuant to R. C. 119.12.[3] Alternatively, they claim that R. C. 119.12 allows for an appeal to the Court of Common Pleas of Franklin County instead of or in addition to their right to appeal, pursuant to R. C. 124.34, to the court in the county of their residence.

In *Davis, supra,* we discussed the relationship between R. C. 124.34 and 119.12 and concluded, at page 105, that "the forum provisions of R. C. 124.34 in removal and reduction in pay for disciplinary reasons cases were intended to supersede those of R. C. 119.12." We decided that an appeal on removal or reduction in pay for disciplinary reasons must be brought, if at all, in the county of the employee's residence pursuant to R. C. 124.34. Therefore, we must determine whether *Davis* and R. C. 124.34 apply to the present fact situation.

Appellants contend that *Davis* concerns only reductions for disciplinary reasons and does not apply here because this is a case of non-disciplinary reduction.[4] Even if appellants are correct in that the changed work day was effectively a reduction in pay, R. C. 124.34 is controlling. It provides, in part, that:

" * * * no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubor-

---

[3] Appellants contend that the appropriate appeal procedure is set forth in R. C. 119.12. The pertinent provision states that:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, * * *."

[4] Affidavits of appellants state that (prior to the resolution) the workday was 7½ hours with a one hour lunch break, and that no one was disciplined for taking this time for lunch.

dination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior or any other acts of misfeasance, malfeasance, or nonfeasance in office. * * * "

This language indicates that reductions in pay can only be made for one of the reasons set forth in the statute.[5] Thus, the General Assembly limited the reasons for involuntary reductions to those enunciated. There may be situations not covered by the statute. For example, economic constraints may necessitate reductions which are not voluntarily accepted by employees. However, if involuntary reductions are to be permitted for reasons not set forth in R. C. 124.34, it is up to the General Assembly to make allowances by amending the statute. Pursuant to the existing statutory mandate, involuntary reductions must comply with R. C. 124.34. If there was a reduction in this case, it would have to be for one of the statutory reasons in order to be upheld.

We must decide appellants' right to appeal a decision of the board concerning an alleged reduction in pay in violation of R. C. 124.34.[6]

The right to appeal such a reduction is provided for in a subsequent paragraph of R. C. 124.34. It states that:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee, may appeal from the decision of the state personnel board of review or the commission to the court of common

[5] These statutory reasons are generally negative behavior on the part of employees, over which they could exercise some personal control. *In re Removal of Zeigler* (1965), 1 Ohio App. 2d 336, 339, affirmed 4 Ohio St. 2d 46. In *Davis, supra*, the removal was termed disciplinary because of the employee's behavior. Ohio Adm. Code 123:1-31-04 requires that an involuntary reduction in pay must be based upon one of the reasons set forth in R. C. 124.34. The rule states that:

"Reduction or demotion shall be made only for one or more of the reasons given in Section 124.34, Ohio Revised Code, except that voluntary written agreement by an employee to a demotion or reduction shall be considered a satisfactory basis for such action in the absence of evidence to the contrary. The salary of an employee following demotion shall be fixed by the Director at the equitable rate, not to exceed the rate of pay prior to the demotion."

[6] For example, appellants could argue that the facts in this case do not comport with any of the statutory reasons, or that the procedures mandated by this section were violated.

pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

Pursuant to R. C. 124.34, employees can appeal reduction orders by their appointing authorities to the board.[7] However, this language indicates that if the board upholds the reduction, only orders of reduction in pay for disciplinary reasons can be appealed to a court in the county of the employee's residence.[8]

Because the statute only provides for an appeal when the reduction is for disciplinary reasons, *Davis, supra,* applies. In *Davis,* we laid to rest the argument of a dual right to appeal in Franklin County as well as the county of residence. This would promote forum shopping, an undesirable result, which can be avoided by limiting an appeal exclusively to the county of residence. Furthermore, an appeal in the county of residence will be less costly to the employee, in terms of transportation and time.[9] It also will distribute appeals to different courts instead of burdening the Franklin County courts.[10]

We hold that involuntary reductions in pay must comply with R. C. 124.34. Pursuant to R. C. 124.34, only reductions for disciplinary reasons can be appealed to a court; and an appeal must be brought, if at all, in the county of the employee's residence. Because of this requirement, the Court of Common Pleas of Franklin County had no subject-matter jurisdiction to hear appeals of appellants who resided in Montgomery County.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

---

[7] See *State, ex rel. Vukovich,* v. *Civil Service Comm.* (1982), 69 Ohio St. 2d 16. However, to be upheld, an involuntary reduction must comply with R. C. 124.34.

[8] According to Notes, 22 Cleveland St. L. Rev. 338, 343, the General Assembly apparently decided that reductions in pay for reasons other than discipline do not warrant judicial review.

[9] *Id.,* at page 348.

[10] An appeal pursuant to R. C. 119.12 is appropriate in situations not included in R. C. 124.34. See *State, ex rel. Kendrick,* v. *Masheter* (1964), 176 Ohio St. 232; *In re Removal of Zeigler, supra.* Although it would promote uniformity to require all employee appeals to be in the county of residence, the General Assembly has the responsibility for making changes in the statutes.

SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

WILLIAM B. BROWN, J., concurring in judgment only. The question presented in this cause is whether appellants had a right of appeal pursuant to R. C. 119.12. By answering that question in the negative, and thereby concluding that R. C. 124.34 is the operative statute for this cause, our analysis should conclude. Since appellant brought this action in a court without jurisdiction over R. C. 124.34 appeals, this court also does not possess the subject-matter jurisdiction to decide the question whether R. C. 124.34 provides a right of appeal from an involuntary reduction in pay for non-disciplinary reasons. As a result, the syllabus and the bulk of the opinion constitute an advisory opinion, which we should not issue.