DAWES, APPELLEE, *v.*
GOULD, INC., APPELLANT.

(No. 46737—Decided November 21, 1983.)

Mr. *James A. Samuels,* for appellee.
Mr. *Thomas M. Carolin,* for appellant.
Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and Mr. *Q. Albert Corsi,* for Unemployment Compensation Bd. of Review.

*Per Curiam.* This appeal arises from the action of the court of common pleas in reversing a decision of the Unemployment Compensation Board of Review. William C. Dawes, appellee, an employee of Gould, Inc., appellant, had been terminated from his position by Gould, Inc. on charges of tardiness, absenteeism, excessive time away from his work station and failure to complete assignments. Upon dismissal, Dawes applied for unemployment benefits. His claim was rejected and on reconsideration the disallowance was affirmed. An appeal was then taken to the board of review which affirmed the rejection by a vote of two to one. Finally, an appeal was pursued to the court of common pleas under R.C. 4141.28(O). The court reversed the board of review declaring that the decision was "unreasonable, unlawful and against the manifest weight of the evidence."

A motion was filed requesting the court to "state in writing the conclusion of fact [*sic*] found separately from the conclusions of law." The court failed to respond to this request and the employer filed this appeal, citing two alleged errors.

Assignment of Error No. 1

"The trial court erred in not issuing findings of fact and conclusions of law."

Civ. R. 52 provides:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.

"Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56.

"An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)."

The appellee asserts that Civ. R. 52 "is not applicable where a Common Pleas Court is sitting in its appellant [*sic*]

jurisdiction." However, this court has heretofore determined in *Snyder* v. *Appointing Authority* (July 1, 1982), Cuyahoga App. Nos. 44272, 44273, 44274, unreported, that the provisions of Civ. R. 52 apply to an appeal from an administrative decision to the court of common pleas rendered under R.C. 2506.03. In *Snyder,* this court held that a motion for findings of fact and conclusions of law must be granted under Civ. R. 52. It should be pointed out that the specific areas where such findings of fact and conclusions of law are unnecessary are listed in the rule.

In *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261 [73 O.O.2d 291], paragraph one of the syllabus, this court held that the failure to comply with a timely request to make findings of fact and conclusions of law is prejudicial error unless a reviewing court can determine, without weighing the evidence, that the appellant has not been prejudiced.

The Ohio Supreme Court has recently stated that "[t]he provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury." *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122, 124 [24 O.O.3d 196].

For the reasons stated, therefore, we find merit in Assignment of Error No. 1.

### Assignment of Error No. 2

"The trial court erred in reversing the decision of the board of review, as the decision of said board was reasonable, lawful, and in accordance with the evidence."

The determination of substantive issues raised by this assignment of error must necessarily be concerned with the findings of fact and conclusions of law sought by the appellant. Once the findings of fact and legal conclusions have been provided to this court, review may be appropriate.

Accordingly, we reverse and remand for full compliance with Civ. R. 52.

*Judgment reversed and cause remanded.*

PATTON, C.J., CORRIGAN and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.