HALE, APPELLEE, *v.* OHIO STATE
VETERINARY MEDICAL BOARD,
APPELLANT.

(No. 1642 — Decided
April 6, 1988.)

*Stephen J. Brown,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cheryl D. Hoskins,* for appellant.

GEORGE, J. Appellee, John P. Hale, D.V.M., had action taken against his veterinary license based upon a complaint and an investigation. An investigator for the appellant, Ohio State Veterinary Medical Board ("board"), visited the office, located in the basement of Dr. Hale's home, where he practiced veterinary medicine. The investigator found that the medical facility was inadequate and that sanitation and hygiene were maintained below those minimum standards required for a veterinary practice.

The board notified Dr. Hale that disciplinary charges were being lodged against him and that he was entitled to a hearing. A hearing was held. Thereafter, the board suspended Dr. Hale's license to practice veterinary medicine for a period of six months. Dr. Hale appealed the board's decision to the common pleas court under R.C. 119.12, particularly challenging the severity of the punishment.

The trial court, after a hearing, found that the board's decision was supported by reliable, probative and substantial evidence. However, the trial court further found that a six-month suspension was unduly harsh and modified the suspension to one month.

The board appeals, urging error in the trial court's modification when it found that the decision of the board was supported by reliable, probative and substantial evidence. In *Arlen* v. *State* (1980), 61 Ohio St. 2d 168, 175, 15 O.O. 3d 190, 195, 399 N.E. 2d 1251, 1255, the Supreme Court stated:

"The authority of a Court of Common Pleas to review an order of an administrative agency under R.C. 119.12 is limited to a decision as to whether the order is supported by reliable, probative and substantial evidence and in accordance with law. *Department of Liquor Control* v. *Santucci* (1969), 17 Ohio St. 2d 69; *Doelker* v. *Accountancy Bd.* (196[7]), 12 Ohio St. 2d 76. A disciplinary action of the State Medical Board is under the restrictions of R.C. Chapter 119, and, therefore, the above test is applied."

The issue thus presented is whether, in an R.C. 119.12 appeal, a sanction may be modified. A review of the authority to modify a sanction at various stages of appeal reflects the following.

The board may disturb a sanction imposed by an administrative officer or appointing authority when the board finds that the order was improper or unnecessary. *Kent State Univ.* v. *Driscol* (Feb. 17, 1988), Summit App. No. 13235, unreported. The further removed from the board, the more difficult it is to justify a modification of the sanction. Hence, the trial court is limited, in disturbing a sanction, to situations where, after giving due deference to the expertise of the board and after refraining from substituting its judgment for that of the board, the trial court determines that the sanction is not supported by reliable, probative and substantial evidence. *Mofu* v. *State Medical Bd.* (1984), 21 Ohio App. 3d 182, 21 OBR 194, 486 N.E. 2d 1169. The court of appeals, in reviewing the trial court's determination of the propriety of the modification, must find an abuse of discretion by the trial court in order to disturb the modification of the sanction. *Kinney* v. *Dept. of Admin. Services* (1984), 14 Ohio App. 3d 33, 14 OBR 37, 469 N.E. 2d 1007, and *Hartzog* v. *Ohio State Univ.* (1985), 27 Ohio App. 3d 214, 27 OBR 254, 500 N.E. 2d 362.

In this case, the board's ruling provided that the facilities of Dr. Hale did "not meet any of the minimum standards established by the Ohio Veterinary Medical Board in Chapter 4741.22, Ohio Revised Code, and set forth by Administrative Rule 4741-1-03." Its order specifically stated:

"Therefore, it is ORDERED, ADJUDGED and DECREED that John P. Hale's license to practice veterinary medicine in the State of Ohio be suspended for a period of six months and that Dr. Hale acquire ten hours of continuing education in the field related to the charges prior to the reinstatement of his veterinary medical license. Said suspension commences April 3, 1987."

R.C. 119.12 provides, in its twelfth paragraph:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Here, the trial court did not take additional evidence so that the only evidence presented to it for review was that included within the administrative record. The trial court recited that Dr. Hale's appeal was "from an order of the Veterinary Medical Board suspending his license to practice veterinary medicine for a period of six months, based on the unsanitary conditions of the practice located in the basement of his home." The trial court went on to say that the board's "decision [to warrant the imposition of discipline] was supported by reliable, probative and substantial evidence," but that the "six-month suspension [the sanction imposed] was unduly harsh" and modified the suspension to a one-month suspension.

To give full effect to the twelfth paragraph of R.C. 119.12, an interpretation of what the General Assembly intended is necessary. At first glance, the language of the statute suggests that the trial court

has discretion. But when the statute is read in its entirety, it is evident that discretion is available only upon the trial court's having found that the evidence does not support the order. *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577, 23 O.O. 3d 485, 433 N.E. 2d 223, and *Mofu, supra.* Therefore, the trial court is authorized "to reverse, vacate, or modify the order or to make such other ruling" when there is an absence of a finding that the order is supported by reliable, probative, and substantial evidence.

This language should be interpreted to mean that the trial court, when reviewing the board's order, is authorized to reverse, vacate, or modify the order only when it finds that the order is not supported by reliable, probative, and substantial evidence. Conversely, the trial court is required to affirm the order of the board whenever it finds that the order is supported by the requisite degree of evidence. Accord *Dept. of Liquor Control* v. *Santucci* (1969), 17 Ohio St. 2d 69, 46 O.O. 2d 402, 246 N.E. 2d 549, and *Doelker* v. *Accountancy Bd.* (1967), 12 Ohio St. 2d 76, 41 O.O. 2d 328, 232 N.E. 2d 407.

Under R.C. 119.12, the common pleas court has two responsibilities. First, it must determine whether, under the facts of the case, any infraction occurred. Such a factual finding must be supported in the record by "reliable, probative and substantial evidence." The trial court is required to specifically find either that the board's factual findings were based upon the requisite quantum of evidence, or that they were not.

Second, the common pleas court must determine whether the sanction ordered for the infraction is lawful. Is it a legal sanction which is supported by reliable, probative and substantial evidence on the record? In the consideration of the appropriateness of the sanction ordered, the common pleas court only determines whether the sanction is within the realm of acceptable choices for the particular infraction. Care should be taken by the trial court in making this determination since it should not substitute its judgment for that of the board, *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 8 O.O. 3d 217, 375 N.E. 2d 1233, and due deference should be given to the board's expertise in dealing with such matters.

In *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 17 O.O. 3d 65, 407 N.E. 2d 1265, the Supreme Court discussed the scope of review in an administrative action taken pursuant to R.C. 119.12. When a court of common pleas reviews an administrative order it must "appraise all the evidence * * * 'and, if from such a consideration it finds that the * * * [board's] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *.' " *Id.* at 110, 17 O.O. 3d at 66, 407 N.E. 2d at 1267. The determination of the requisite degree of evidence is essentially a matter of weighing the evidence to determine the absence or presence of the requisite quantum of evidence. Thus, it follows that should the evidence meet the standard, there is no statutory authority by which the trial court may reverse, vacate or modify the board's order. See *Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E. 2d 390, and *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128.

Here, the trial court's judgment was inconsistent with its statutory standard of review. It found the board's order to be supported by reliable, probative and substantial

evidence on the record, but then proceeded to modify the order. Although the trial court suggests that the sanction imposed for the infraction was "unduly harsh," it did not deem the sanction unsupported by the requisite quantum of evidence. Accordingly, the modification of the sanction by the trial court was inconsistent with the trial court's finding that the board's order was supported by the record, and such modification was, therefore, an abuse of discretion.

For these reasons, the modification is reversed and the matter is remanded to the trial court so that it may determine whether the sanction is in accordance with law and supported by reliable, probative and substantial evidence on the record.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.