Ashland, Coshocton, Delaware, Fairfield, Guernsey, Holmes, Knox, Licking, Morgan, Morrow, Muskingum, Perry, Richland, Stark and Tuscarawas Counties
Hon. Norman J. Putman, P.J.,
Hon. W. Scott Gwin, Hon. John R. Hoffman,
Hon. John R. Milligan, Hon. Irene Balogh Smart,

---

Johnson
v.
State of Ohio,
Board of Education
[Cite as 4 AOA 119]

Case No. CA-8019
Stark County, (5th)
Decided June 15, 1990

*Cornelius J. Baasten, Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., The Belden-Whipple Building, 4150 Belden Village St., Suite 102, P.O. Box 35186, Canton, Ohio 44735, for Appellee.*

*Anthony Celebrezze, Jr., Attorney General, Christopher M. Culley, Ass't Attorney General, 1680 State Office Tower, 30 East Broad Street, Columbus, Ohio 43266-0410, for Appellants.*

GWIN, J.

On May 13, 1987, the State Board of Education (Board) passed a resolution of intent to consider the suspension and possible revocation of all teaching certificates held by appellee Richard L. Johnson, an elementary school principal with Beaver Local School District in Columbiana County, pursuant to R.C. §3319.31.

The resolution arose out of an incident in which a State Highway Patrolman observed appellee and another man in the stall of a public bathroom along U.S. Route 250. As the patrolman opened the stall door, he saw both men with their shorts down around their ankles and the one man kneeling in front of appellee in the act of fellatio. Appellee was subsequently convicted of public indecency in violation of R.C. §2907.09 and the same was upheld on appeal.

Following the Board's passing of the resolution, appellee requested a personal hearing in accordance with R.C. Chapter 119. Following said hearing, the hearing officer, Daniel J. Gunsett, issued a recommendation to the Board that appellee's certificates should not be revoked and quoted the following from the trial court who found appellee guilty of public indecency:

"Mr. Johnson has been a talented, capable teacher and administrator in our public schools here in Ohio for the last quarter century.. There was no indication that this incident affected his job performance or compromised his genuine concern and dedication to this students and his job. I would sincerely urge the Board to give every favorable consideration to Mr. Johnson's request that his teaching and administrative certificates not be revoked."

However, on March 13, 1989, the Board resolved to revoke all certificates issued to appellee because appellee's conduct was immoral, negligent, and unbecoming to the position of a teacher "because the conduct occurred in a public place where it could be observed by others." Appellee appealed the Board's revocation order to the Court of Common Pleas and that court, on October 23, 1989, reversed the Board's order because it was "not supported by reliable, probative and substantial evidence and is against the manifest weight of the evidence submitted to the Board."

The Board now seeks our review and assigns the following as error:

"ASSIGNMENT OF ERROR NO. I

"THE COURT OF COMMON PLEAS ERRED IN CONCLUDING THAT A NEXUS MUST EXIST BETWEEN JOHNSON'S CONDUCT AND HIS ABILITY TO TEACH.

"ASSIGNMENT OF ERROR NO II

"THE COURT OF COMMON PLEAS ERRED IN CONCLUDING THAT THE BOARD'S ORDER WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND THAT IT WAS NOT IN ACCORDANCE WITH LAW.

"A. THE BOARD'S ORDER REVOKING JOHNSON'S CERTIFICATE IS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.

"B. THE BOARD'S ORDER IS IN ACCORDANCE WITH LAW.

"ASSIGNMENT OF ERROR NO. III

"THE COURT OF COMMON PLEAS ERRED BY CONCLUDING THAT THE BOARD'S ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

In their first assignment, the Board claims that the Court of Common Pleas erred in concluding that R.C. §3319.31 requires a nexus between the criminal conduct of appellee and the performance of his teaching and administrative responsibilities. R.C. §3319.31 provides in pertinent part:

"(A) If at any time the holder of a certificate is found intemperate, immoral, incompetent, negligent, or guilty of other conduct *unbecoming to his position*, the state board of education shall revoke the certificate. (Emphasis added)."

The above emphasized portion clearly indicates that the section requires a nexus between appellee's conduct and his ability to teach and administrate.

Accordingly, the Board's first assignment is hereby overruled.

II

In their second assignment, the Board claims that the Common Pleas Court erred in finding that the Board's order was not supported by reliable, probative, and substantial evidence and that it was not in accordance with law.

R.C. §119.12 sets forth the standard of review for common pleas courts in these matters:

"The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing, counsel may be heard on oral argument, briefs may be submitted and evidence introduced if the court has granted a request for the presentation of additional evidence.

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substancial evidence and is in accordance with law."

We note that in the instant case the Common Pleas Court did not grant a request for a presentation of additional evidence. Instead, the court merely reviewed all the evidence presented

to the Board and found that the Board's order was not supported by reliable, probative, and substantial evidence and was not in accordance with law.

The common pleas court's function under R.C. §119.12 is to review the entire record before it and determine whether there is reliable, probative, and substantial evidence to support the Board's order. If so, that court must affirm the Board's order if it is in accordance with law. However, R.C. §119.12 does not permit the common pleas court to review all the evidence and make its own secondary inferences therefrom without first giving deference to the board's order, i.e. the common pleas court may not simply substitute its judgment for that of the board without determining whether the evidence supports the board's order. See *Harris v. Lewis* (1980), 69 Ohio St.2d 577, 578 (a reviewing court is not to substitute its judgment for that of the board).

We believe that the Common Pleas Court in the instant case failed to give any deference to the Board's conclusions and secondary inferences and merely substituted its judgment for that of the Board. Upon review of the evidence in the record, there is reliable, probative, and substantial evidence to support the finding of the Board that appellee's conduct was immoral and that such conduct was unbecoming to a teacher. Furthermore, there was substantial, reliable, and probative evidence presented to support the nexus between appellee's teaching ability and his conduct. In fact, Nelson McCray, superintendent of Beaver Local Schools, opined that appellee's conduct in a public area raises concerns as to his leadership abilities and exercise of good judgment.

An elementary teacher, especially an elementary principal, must exercise good judgment and behave appropriately because he is a role model for vulnerable young school children and a leader of the elementary school. The trial court erred in finding that there was not substantial evidence to support the Board's finding that appellee's immoral conduct jeopardized his role model and leadership abilities and that such conduct was becoming to his position as a teacher/administrator.

We must now turn to our role in this case. Our standard of review is narrower than the common pleas court's. Our role is to determine whether the common pleas court abused its discretion. *Calhoun v. Madison Board of Educa-* *tion* (March 4, 1989) Richland App. No. CA-2623, unreported, at page 3.

"[T]he term abuse of discretion connotes more than an error of judgment; it implies a decision without reasonable basis, one which is clearly wrong. *Angelkovski v. Buckeye Potato Chip Co. Inc.* (1983), 11 Ohio App.3d 159, 162.

We believe the Common Pleas Court abused its discretion. It is not for the Common Pleas Court to substitute its judgment for that of the Board. Instead, that court must determine whether there is substantial, probative, and reliable evidence in the record to support the Board's order. Here, although there is such evidence supporting the court's conclusions, there is also such evidence supporting the Board's order. Therefore, the Common Pleas Court abused its discretion in substituting its judgment for that of the Board.

Accordingly, the Board's second assignment of error is sustained.

### III

We believe that the above abuse of discretion was caused by the common pleas court's review of the Board's order as being against the manifest weight of the evidence. Nowhere in R.C. §119.12 does the common pleas court have the authority to make a manifest weight of the evidence review and such was error as a matter of law.

Accordingly, the Board's final assignment of error is hereby sustained.

For the foregoing reasons, the Common Pleas Court abused its discretion and we reverse that court's judgment and reinstate the order of the Board.

*Judgment reversed.*

PUTMAN, P.J., and HOFFMAN J., concur.