OPINION
{¶ 1} Plaintiff-appellant, Dr. Paul O. Gardner, D.V.M., appeals from the Clinton County Common Pleas Court's decision affirming an order of defendant-appellee, Ohio Veterinary Medical Licensing Board (hereinafter, "the board"), which suspended Gardner's license to practice veterinary medicine until he passes the state's licensing examination for veterinarians.
 {¶ 2} Gardner has practiced veterinary medicine for over 60 years. In January 1999, the board received a complaint from Bonnie Younker, who had asked Gardner to spay Winnie, her Boston Terrier. Winnie died shortly after Gardner performed the procedure. After conducting an investigation of Younker's complaint, the board sent Gardner a notice of opportunity for hearing, informing him that it intended to determine whether to issue a reprimand, suspension, or revocation of his license based on the following grounds for disciplinary action set forth in R.C.4741.22: (1) failing to conform one's practice to the board's rules governing proper, humane, sanitary, and hygienic methods to be used in the care and treatment of animals (R.C. 4741.22[A]); (2) gross incompetence (R.C. 4741.22[R]); (3) failing to use reasonable care in the administration of drugs, as defined in R.C. 4729.01, or acceptable scientific methods in the selection of those drugs or other modalities for treatment of a disease or in conduct of surgery (R.C. 4741.22[W]); and (4) failing to maintain medical records as required by rule of the board (R.C. 4741.22[AA]). The board also alleged that Gardner violated several provisions of the Ohio Administrative Code that are related to the aforementioned grounds for discipline.
 {¶ 3} In September 1999, a hearing examiner conducted a hearing on the allegations against Gardner. In a report issued in November 1999, the hearing examiner recommended that the gross incompetence charge against Gardner be dismissed for lack of evidence, but that Gardner be found guilty of the remaining charges brought against him. The hearing examiner also recommended that Gardner's license to practice veterinary medicine be suspended indefinitely until he demonstrates to the board's satisfaction his familiarity with record-keeping requirements and his ability to meet them, and engages in a course of study that would demonstrate his familiarity with appropriate surgical tranquilizing techniques and the use of pharmacological resources for sedation and tranquilization. The hearing examiner recommended that Gardner's suspension last for, at least, one year.
 {¶ 4} The board voted to adopt the hearing examiner's findings of fact and conclusions of law but modified his recommendation as to the sanction to be imposed on Gardner. The board suspended Gardner's veterinary license until he passed, with a score of least 75%, the National Board of Veterinary Medicine examination ("NBE") and the Clinical Competency Test ("CCT"), or, after November 20, 2000, the new computer exam, the North American Veterinary Licensing Examination ("NAVLE"). The board also gave Gardner the option to retire his license permanently. The board further ordered Gardner to pay the costs of the hearing. Gardner appealed the board's decision to the Clinton County Common Pleas Court, which affirmed the board's order.
 {¶ 5} Gardner appeals from the trial court's decision affirming the board's order, raising three assignments of error.
Assignment of Error No. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN FAILING TO REVIEW THE ADMINISTRATIVE RECORD IN ITS ENTIRETY, INCLUDING THE TRANSCRIPT OF THE PROCEEDINGS BEFORE THE HEARING EXAMINER, AS REQUIRED BY R.C. 119.12."
 {¶ 6} Gardner argues that the trial court did not read the transcript of the proceedings held before the hearing examiner and, therefore, did not consider the "entire record" of the administrative proceedings as required by R.C. 119.12. We disagree with this argument.
 {¶ 7} R.C. 119.12 states in pertinent part:
 {¶ 8} "Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident[.]
 {¶ 9} "* * *
 {¶ 10} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." (Emphasis added.)
 {¶ 11} The provision quoted directly above imposes a duty on common pleas courts to examine and consider the transcript of the hearing held before the administrative agency or its hearing examiner. Lies v.Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207. A common pleas court cannot fulfill this duty by considering only the hearing examiner's report. Id. Instead, the plain language of R.C. 119.12 directs the common pleas court to examine and consider the record in its entirety, including the transcript of any evidence presented to the administrative agency or its hearing examiner, and not just summaries of that evidence which may be contained in the hearing examiner's report. Id.
 {¶ 12} The trial court's decision states in pertinent part:
 {¶ 13} "The court has now carefully reviewed the certified record filed with the court, the briefs of the parties, and the arguments presented. The court has read the 30-page report and recommendation of the hearing examiner where the factual underpinnings of the ultimate disciplinary action taken by the Veterinary Board against Dr. Gardner were presented."
 {¶ 14} Gardner contends that while it "might be argued" that this statement "should be taken to mean that the court might have read the transcript, the court's more specific language in the next sentence, stating what it had read [i.e., the hearing examiner's report and recommendation] demonstrates that it did not." Gardner asserts that there would be no reason for the trial court to state that it read the hearing examiner's report and recommendation but omit stating that it had read the transcript. We find this argument unpersuasive.
 {¶ 15} Notwithstanding Gardner's contention to the contrary, the trial court's statement that it "carefully reviewed the certified record," which included a transcript of the hearing held before the hearing examiner, was sufficient to show that the trial court considered the "entire record" in the case, as required by R.C. 119.12. The word "review" as used by the trial court in its judgment entry, is commonly defined as "a looking over or examination with a view to amendment or improvement[.]" Webster's Third New International Dictionary (1993) 1944. We interpret the trial court's statement that it "carefully reviewed the certified record" as meaning that the trial court carefullyread the certified record, including the transcript of the proceedings held before the hearing examiner.
 {¶ 16} Gardner's first assignment of error is overruled.
Assignment of Error No. 2
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN AFFIRMING AN ORDER OF THE BOARD THAT WAS BASED UPON A SERIOUSLY INACCURATE STATEMENT OF THE ACTUAL EVIDENCE AND THAT MADE A FINDING THAT THE HEARING EXAMINER CONCLUDED WAS NOT SUPPORTED BY THE EVIDENCE."
 {¶ 17} Gardner argues that the trial court erred by affirming the board's finding that his conduct constituted gross incompetence pursuant to R.C. 4741.22(R).
 {¶ 18} The hearing examiner found in his "Conclusions of Law" that there was insufficient evidence presented to support the gross incompetence charge against Gardner and recommended that that charge be dismissed. The board adopted the hearing examiner's findings of fact and conclusions of law. However, the board subsequently stated in its adjudication order "[t]hat Paul Gardner, D.V.M. is found to have violated O.R.C. 4741.22 Paragraphs (A), (R), (W) and (AA) * * *." In its decision affirming the board's order, the trial court stated that "[t]he treatment received by a Boston Terrier [Winnie] placed in the care of Dr. Gardner * * * and ultimately resulting in the dog's death * * * represents anexample of gross incompetence." (Emphasis added.)
 {¶ 19} The board's finding that Gardner violated R.C. 4741.22(R) obviously is at odds with its prior adoption of the hearing examiner's findings of fact and conclusions of law. However, Gardner failed to call this inconsistency to the trial court's attention. Generally, appellate courts will not address issues not raised in the trial court. SeeGoldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio 401; but, see, Hillv. Urbana, 79 Ohio St.3d 130, 134, 1997-Ohio-400 (holding that an appellate court may recognize error not asserted in the trial court where the rights and interests involved may warrant it).
 {¶ 20} Notwithstanding the waiver issue, it is apparent from looking at the board's adjudication order that the board merely made a clerical error in listing R.C. 4741.22(R) as one of the charges of which Gardner had been found guilty. The board clearly intended to adopt the hearing examiner's recommendation that the charge of gross incompetence against Gardner be dismissed for lack of evidence.
 {¶ 21} The trial court was apparently misled into believing that the board had, in fact, found Gardner guilty of gross incompetence, presumably, by the board's clerical error, which Gardner failed to call to the trial court's attention. But any error the trial court made in believing that the board had found Gardner guilty of gross incompetence was harmless.
 {¶ 22} An error is harmless where it "does not affect substantial rights of the complaining party, or the court's action is not inconsistent with substantial justice." O'Brien v. Angley (1980),63 Ohio St.2d 159, 164. Generally, to find that substantial justice has been done despite the occurrence of the error, a reviewing court must weigh the prejudicial effect of the error and determine whether the trier of fact would have probably made the same decision if the error had not occurred. Id. at 164-165, citing Hallworth v. Republic Steel Corp.
(1950), 153 Ohio St. 349, paragraph three of the syllabus.
 {¶ 23} Here, the trial court was required to affirm the board's order if it found that the order was supported by reliable, probative, and substantial evidence. Hale v. Ohio State Veterinary Med. Bd. (1988),47 Ohio App.3d 167, 169. There was ample evidence presented to support the board's findings that Gardner failed to conform his practice to the board's rules governing proper, humane, sanitary, and hygienic methods to be used in the care and treatment of animals; failed to use reasonable care in the administration and selection of drugs in the conduct of surgery and in the treatment of an animal; and failed to maintain medical records as required by the board's rules. Specifically, the evidence showed that, among other things, Gardner was negligent in spaying Winnie and in failing to provide guidance to Winnie's owners for her post-operative care; that Gardner administered an amount of tranquilizer to Winnie that was 16 times greater than the recommended dosage; and that Gardner failed to maintain written medical records of antibiotics he prescribed for Winnie, as is required by the board's rules. In light of this evidence, any error the trial court committed in believing that the board adjudicated Gardner guilty of gross incompetence was harmless.
 {¶ 24} Gardner also argues that the trial court's decision to affirm the board's order should be reversed because the hearing examiner "seriously misstate[d]" the testimony of Dr. Nicole A. Baur, D.V.M., the emergency-room veterinarian to whom Bonnie Younker and her husband brought Winnie shortly after she had been spayed by Gardner. Gardner argues that, contrary to what the hearing examiner found, Baur's testimony actually showed that Winnie was "doing better" once Baur had administered medications to her and performed CPR on her, and that it was the Younkers who made the decision to discontinue CPR efforts on Winnie. Gardner argues that the board and the trial court erroneously based their conclusions on the hearing examiner's inaccurate summary of the testimony.
 {¶ 25} However, Gardner fails to mention that Baur described Winnie as looking like a "wet dish rag" when she was first brought in. Additionally, it is clear from the testimony that the Younkers made their decision to end CPR efforts on Winnie only after it had become clear that the dog had endured considerable suffering. Even more to the point, the board was permitted to suspend or revoke Gardner's license for his failure to conform to minimal standards of care irrespective of whether it was established that Gardner's actions resulted in actual injury to Winnie. See Ohio Adm. Code 4741-1-03(A). Therefore, any error the hearing examiner, the board, or the trial court may have made with respect to Baur's testimony was also harmless.
 {¶ 26} Gardner's second assignment of error is overruled.
Assignment of Error No. 3
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN AFFIRMING THE OHIO VETERINARY LICENSING BOARD'S ORDER OF APRIL 26, 2001 THAT IMPOSED THE UNAUTHORIZED PENALTY OF PRESENTING DR. GARDNER WITH THE CHOICE OF EITHER RESIGNING, TAKING THE ENTIRE VETERINARIAN'S EXAM, OR HAVING HIS LICENSE REVOKED."
 {¶ 27} Gardner argues that the trial court erred in affirming the board's order suspending his license until he passed the NBE and the CCT, or the NAVLE, because the board's order was not in accordance with law since it imposed a sanction not authorized by R.C. 4741.22. Gardner further argues that even if it was permissible for the board to impose this sanction, the board's decision to require him to take the state's entire licensing examination is unreasonable because the "great majority" of that examination is unrelated to the issues raised in the administrative action taken against him. We disagree with Gardner's arguments.
 {¶ 28} Under R.C. 119.12, the common pleas court must determine whether the sanction imposed by an administrative agency is lawful and supported by reliable, probative, and substantial evidence. Hale v. OhioState Veterinary Med. Bd. (1988), 47 Ohio App.3d 167, 169. In considering whether a sanction is appropriate, the common pleas court is limited to determining whether the sanction is within the range of acceptable choices for the particular violation. Id. The common pleas court may not substitute its judgment for that of the administrative agency, and it must give due deference to the administrative agency's expertise in dealing with such matters. Id.
 {¶ 29} Under R.C. 4741.22, the board was permitted to issue a reprimand to Gardner, or suspend or revoke his license to practice veterinary medicine if it determined, as it did, that he violated one of the provisions listed in R.C. 4741.22(A)-(AA). As discussed in our response to Gardner's second assignment of error, there was reliable, probative, and substantial evidence presented to support the board's finding that Gardner had violated R.C. 4741.22(A), (W), (AA), and several related provisions of the Ohio Administrative Code.
 {¶ 30} Furthermore, we conclude that the power to suspend or revoke a veterinarian's license for violating one of the provisions listed in R.C. 4741.22(A)-(AA) necessarily includes the power to determine the length of the suspension, as well as the power to impose conditions for the lifting of the suspension. Because the board's decision to suspend Gardner's veterinary license until he takes and passes, with a score of at least 75%, the NBE and CCT, or NAVLE was "within the range of acceptable choices" of sanctions it could impose for Gardner's violations, the trial court was obligated to refrain from substituting its judgment for that of the board, and to defer to the board's expertise in dealing with such matters.
 {¶ 31} Finally, the board's decision to condition the lifting of Gardner's suspension on his passing the entire licensing examination for veterinarians, rather than just the portions related to Gardner's violations, is also entitled to deference given the board's expertise in such matters, and the trial court was not permitted to substitute its judgment for that of the board. Moreover, the board's decision cannot be deemed unreasonable in light of the nature of Gardner's violations.
 {¶ 32} Gardner's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.