TOLEDO BAR ASSOCIATION *v.* KITCHEN.

[Cite as Toledo Bar Assn. v. Kitchen (1982),
69 Ohio St. 2d 338.]

(D.D. No. 81-24—Decided February 24, 1982.)

*Mr. John G. Mattimoe, Mr. Walter M. Lehman* and *Mr. Maurice D. O'Connell,* for relator.

*Frank W. Cubbon, Jr. & Associates Co., L.P.A., Mr. Frank W. Cubbon, Jr., Mr. Guy T. Barone, Messrs. Lucas,*

*Prendergast, Albright, Gibson, Newman & Gee* and *Mr. Rankin M. Gibson,* for respondent.

*Per Curiam.* Although respondent Kitchen initially testified that he never formed an opinion as to whether the stenotype machine in his brother's possession was stolen, he later admitted that he had felt that the machine might be stolen. Yet he persisted in conveying his brother's offer to sell the machine to persons believing it to be stolen property. Such conduct reduces the community's confidence in the professionalism of the bar.

The board concluded that upon being advised that the stenotype machine in his brother's possession was, in all probability, stolen, it was Kitchen's ethical duty, at the least, to advise Ms. Beckett of his client's identity and where she could contact his brother to determine whether the machine in question was hers. Instead the evidence showed that respondent attempted to negotiate sale of the machine to both the original owner and her insurer.

Although an attorney is under an ethical obligation pursuant to DR 4-101 to preserve the confidences and secrets of a client, no duty of confidentiality attaches to communications made outside an attorney-client relationship. Respondent admitted that his brother did not employ him to render professional services. Nor did his brother seek professional advice. No attorney-client relationship to which the duty of confidentiality attaches existed in connection with respondent's attempts to assist his brother in finding a buyer for the stenotype machine.

We concur in the board's finding that respondent's actions violated the Code of Professional Responsibility. It is the judgment of this court that respondent be suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, PATTON, C. BROWN and KRUPANSKY, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.