COLUMBUS BAR ASSOCIATION *v.* GLOECKNER.

[Cite as Columbus Bar Assn. *v.* Gloeckner (1982), 1 Ohio St. 3d 83.]

(D.D. No. 82-14—Decided July 21, 1982.)

*Mr. David S. Bloomfield,* for relator.
*Mr. Andrew S. Wentworth, II,* for respondent.

*Per Curiam.* The board recommended respondent's indefinite suspension from the practice of law "because of the seriousness of the crime of which

respondent was convicted." Respondent contends that in reaching its conclusion the board did not fully take into account certain mitigating circumstances attending his conviction. Specifically, respondent points to the tenuousness of his connection with the individual who actually solicited the bribe, the isolated nature of the criminal incident in light of respondent's otherwise exemplary record, and the fact that the state had offered to reduce the charges against respondent to a misdemeanor in pre-trial plea negotiations to support his position that a lesser sanction be imposed. Nevertheless, as we stated in *Bar Assn. v. Chvosta* (1980), 62 Ohio St. 2d 429, at page 430 [16 O.O. 3d 452], "[r]espondent does not contend that he was not convicted of a crime involving moral turpitude.

"Gov. R. V(8)(b) states:

" 'A certified copy of a judgment entry of conviction of an offense shall be conclusive evidence of the commission of that offense in any disciplinary proceedings instituted against an attorney based upon the conviction.'

"This rule makes it clear that a disciplinary proceeding is not an appropriate forum in which to collaterally attack a criminal conviction."

Respondent stands convicted of a felony crime of moral turpitude. The evidence and arguments relating to mitigating circumstances that were submitted to the board and are now before this court cannot undo respondent's felony conviction.

None of the cases involving one-year suspensions cited by respondent in his brief dealt with a felony conviction for a crime of moral turpitude.[2] For that reason, the cited cases are distinguishable from the case at bar. The general rule, from which we do not deviate herein, is that indefinite suspension or disbarment is the appropriate disciplinary sanction to be imposed on an attorney who has been convicted of felony crime involving moral turpitude. See, *e.g., Cleveland Bar Assn.* v. *Fatica* (1971), 28 Ohio St. 2d 40 [57 O.O. 2d 158].

After a careful examination and review of the record in this cause, this court concurs with the findings and conclusion of the board.

It is the judgment of this court that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

[2] Respondent directs our attention to *Ohio State Bar Assn.* v. *Weisenberger* (1981), 68 Ohio St. 2d 1 [22 O.O. 3d 34]; *Bar Assn.* v. *York* (1981), 66 Ohio St. 2d 485 [20 O.O. 3d 404]; *Lake County Bar Assn.* v. *Needham* (1981), 66 Ohio St. 2d 116 [20 O.O. 3d 102]; *Mahoning County Bar Assn.* v. *Walsh* (1981), 66 Ohio St. 2d 177 [20 O.O. 3d 190]; *Bar Assn.* v. *Nesbitt* (1982), 69 Ohio St. 2d 108 [23 O.O. 3d 157]; and *Toledo Bar Assn.* v. *Kitchen* (1982), 69 Ohio St. 2d 338 [23 O.O. 3d 310].