OPINION
{¶ 1} Appellant, Darl E. Reynolds, appeals from a January 22, 2003 decision of the Franklin County Court of Common Pleas upholding a decision of appellee, the Ohio State Board of Examiners of Nursing Home Administrators ("the board of examiners"), revoking appellant's license.
 {¶ 2} On June 25, 1999, appellant was convicted of Medicaid fraud, a violation of R.C. 2913.40(B), a misdemeanor of the first degree. As a result, the board of examiners proposed to revoke appellant's license on the following counts:
 COUNT ONE
On June 25, 1999 you were found guilty of Medicaid Fraud, a violation of 2913.40(B) of the Ohio Revised Code. The conviction was for a course of conduct during the period from on or about May 16, 1986 through June 30, 1996, whereby you knowingly made or caused to be made false or misleading statements or representations to the Ohio Department of Human Services on Medicaid Cost Reports submitted by WECARE HEALTH FACILITY, 740 Canonby Place, Columbus, Ohio 43223. You served as administrator of the facility during the following time periods which are included within the conviction: 4/21/89 through on or about 12/31/90; 1/1/91 through on or about 2/28/91; 1/1/92 through on or about 6/30/92; and 7/1/92 through on or about 12/31/92.
Conviction for Medicaid Fraud that occurred during your service as the administrator of the nursing home constitutes being guilty of fraud or deceit in the practice of nursing home administration, a violation of Section 4751.10(C) of the Ohio Revised Code.
 COUNT TWO
The conviction for Medicaid Fraud based on a continuing course of conduct where you knowingly made false or misleading statements or misrepresentations in Medicaid Cost Reports during service as the administrator of a nursing home as described in Count One, above, demonstrates a lack of good moral character. The lack of good moral character constitutes being unfit or incompetent by reason of negligence, habits, or other causes, a violation of Section 4751.10(A) of the Revised Code.
 {¶ 3} An administrative hearing was held December 17, 2001. On January 17, 2002, after reviewing the evidence and testimony, the hearing examiner issued a recommendation including findings of fact and conclusions of law. The hearing examiner ruled that appellant was guilty of fraud in the practice of nursing home administration and recommended that appellant's license as a nursing home administrator be revoked. On June 6, 2002, the board of examiners approved the recommendation of the hearing examiner and revoked appellant's license to practice nursing home administration in Ohio. Appellant filed an appeal under R.C. 119.12 to the Franklin County Court of Common Pleas.
 {¶ 4} The trial court reviewed the admissibility of the Medicaid fraud conviction, the sufficiency of evidence, objections to admission of evidence, and appellee's failure to consider and rule on objections. On December 16, 2002, the trial court affirmed the board of examiners' order to revoke appellant's license, finding that the decision of the board of examiners was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 5} This appeal followed, with appellant bringing the following nine assignments of error:
[I.] The Trial Court Erred In Failing To Rule Board Of Examiners Of Nursing Home Administrators Erred By Failing To Consider And Rule On The Timely Filed Objections To The Hearing Officer's Report Made Pursuant To Section 119.09, Ohio Revised Code.
[II.] The Trial Court Erred In Ruling The Board Of Examiners Of Nursing Home Administrators Did Not Err And Abuse Their Discretion In Admitting, Considering And Adopting The Magistrate's Ruling Admitting Respondent-appellant's No Contest Plea To A Misdemeanor Theft Offense, And Certified Copies Of Plea, Sentence And An Indictment Contrary To The Provisions Of Criminal Rule 11(B)(2), Rule 410, Ohio Rules Of Evidence And Section 2937.02, Ohio Revised Code.
[III.] The Trial Court Erred In Ruling The Administrative Hearing Officer Did Not Err And Abuse His Discretion In Admitting A Transcript Of Colloquy Between Judge Crawford And Respondent-appellant At No Contest Plea.
[IV.] The Trial Court Erred In Ruling The Board Of Examiners Of Nursing Home Administrators Did Not Err In Adopting The Administrative Hearing Officer's Report, Admitting Cost Reports Of Long Term Lodging And Finding That Such Report Supported Revocation Of License.
[V.] The Trial Court Erred In Ruling The Board Of Examiners Of Nursing Home Administrators Did Not Err As A Matter Of Law In Adopting The Administrative Hearing Officer's Recommendation That Darl Reynolds, Was Guilty Of Fraud And Deceit In The Practice Of Nursing Home Administration, Said Finding Not Being Supported By Reliable, Substantive Or Probative Evidence.
[VI.] The Order Revoking Appellant's Nursing Home Administrator's License Based On Evidence Of One Act Of Medicaid Fraud, A Misdemeanor Of The First Degree, Concerning A Theft Of Less Than $500.00 As Provided In Section 2913.02(B)(2), Ohio Revised Code, With No Prior Record, Constitutes An Abuse Of Discretion And Is Not Supported By Reliable, Substantial And Probative Evidence.
[VII.] The Trial Court Erred In Sustaining The Board Of Examiners Of Nursing Home Administrators' Adoption Of The Administrative Hearing Officer's Recommendation Finding States Ex. 8, Cost Reports, If Properly Admitted, Standing Alone Offer Proof Of Medicaid Fraud Since It Is Impossible To Determine, Based On The No Contest Plea, Exactly What Report Or What Amount Constituted A Theft Or Why.
[VIII.] The Trial Court And The Board Of Examiners Of Nursing Home Administrators' Ruling Revoking Appellant's License Is Contrary To Law.
[IX.] The Trial Court's Ruling And The Order Of The Board Of Examiners Of Nursing Home Administrators Is Not Supported By Reliable, Substantial And Probative Evidence.
 {¶ 6} In an appeal brought under R.C. 119.12, the trial court will uphold the administrative tribunal's order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. In Our Place, Inc v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571, the Ohio Supreme Court defined reliable, probative, and substantial: "(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to reliable, there must be a reasonable probability that the evidence is true; (2) `Probative' evidence is evidence that tends to prove the issue in question it must be relevant to determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value."
 {¶ 7} In contrast, upon further appeal, the appellate court is only to determine if the trial court abused its discretion in finding that the board of examiners' order is supported by reliable, probative, and substantial evidence and is in accordance with law. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In appellant's first assignment of error, appellant argues that the trial court erred by failing to rule that the board of examiners erred by failing to consider and rule on the objections to the hearing officer's report filed by appellant pursuant to R.C. 119.09. We disagree.
 {¶ 9} R.C. 119.09 governs objections to a hearing officer's report and provides, in pertinent part, as follows:
* * * The party may, within ten days of receipt of such copy of such written report and recommendation, file with the agency written objections to the report and recommendation, which objections shall be considered by the agency before approving, modifying, or disapproving the recommendation.
 {¶ 10} The June 6, 2002 board of examiners meeting minutes reflects the consideration that the board of examiners gave to the objections. Each member answered yes to the following question: "Have you received, read and considered the entire record in this matter, including the Transcript of Proceedings, Exhibits, Hearing Officer's Report and Recommendation and the Objections filed in the matter of the eligibility of Mr. Darl Reynolds to be licensed as a Nursing Home Administrator in Ohio."
 {¶ 11} The question that must be answered by this court is the degree to which the board of examiners must consider the objections. The plain language of R.C. 119.09 requires that the agency only consider the objections as a whole before approving, modifying, or disproving the recommendation. "[T]here is no requirement that an administrative tribunal * * * specifically spell out in this order its reasons for overruling objections to a report of a hearing examiner or explain its reasons for rejecting objections and adopting the report, if that be the case." In the Matter of Eaglewood Care Ctr. v. State Certificate of Need Review Bd. (Mar. 17, 1992), Franklin App. No. 91AP-357. In this case, the minutes of the hearing reflects that the board of examiners duly considered appellant's objections in conformity with the basic elements set forth in R.C. 119.09. Therefore, the trial court did not abuse its discretion in rejecting appellant's argument. Appellant's first assignment of error is overruled.
 {¶ 12} In appellant's second assignment of error, appellant argues that the trial court erred in ruling that the board of examiners was correct in allowing appellant's conviction for Medicaid fraud to be admitted as evidence and used to decide the status of appellant's license. Appellant asserts that his conviction was the result of a no contest plea and should be inadmissible since Crim.R. 11(B)(2) and Evid.R. 410 prohibit the use, in a civil or criminal proceeding, of a no contest plea as evidence.
 {¶ 13} A distinction exists between the use of a no contest plea and the use of the Medicaid fraud conviction entered after the no contest plea was given. The use of a no contest plea is prohibited. The use of the bare fact of a prior conviction, where there is a statutory basis for license revocation or other sanction, is not. The sixth appellate district ruled on a similar issue in Jaros v. Ohio St. Bd. of Emergency Med. Serv., Lucas App. No. L-01-1422, 2002-Ohio-2363. In that case, a firefighter entered a no contest plea and was convicted of a misdemeanor involving moral turpitude. The court ruled that the conviction alone was enough to revoke his EMT license.
 {¶ 14} The Jaros court, at fn. 1, stated that the distinction was significant:
* * * [T]he use of a no contest plea is prohibited in any subsequent civil or criminal proceedings. See Crim.R. 11(B)(2). For example, if appellant had pled no contest and been found not guilty, the no contest plea could not have been utilized by the Board for any reason. In this case, however, it is the conviction, not the no contest plea, which is the basis of the review by the Board. Therefore, the no contest plea is irrelevant for purposes of the Board's authority to revoke appellant's license.
 {¶ 15} Similarly, in State v. Mapes (1985), 19 Ohio St.3d 108,111, the Ohio Supreme Court stated that:
Crim.R. 11(B)(2) and Evid.R. 410 prohibit only the admission of a no contest plea. These rules do not prohibit the admission of a conviction entered upon that plea when such conviction is made relevant by statute. The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing the specification. The purpose of Evid.R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty. See 1 Weissenberger, Ohio Evidence (1985) 55, Section 410.1 and Advisory Committee Notes to Fed.R.Evid. 410. These purposes are not disserved by the admission of a conviction entered upon a no contest plea.
 {¶ 16} Based upon these authorities, we find that the trial court did not abuse its discretion by finding that the board could rely on the Medicaid fraud conviction in order to make a decision concerning appellant's license. Appellant's second assignment of error is overruled.
 {¶ 17} In appellant's third assignment of error, appellant argues that the certified transcript of appellant's sentencing hearing in the Medicaid fraud conviction should not have been admitted to the board of examiners' proceedings. We agree that this was possibly error on the part of the board of examiners, but find that this does not warrant reversal.
 {¶ 18} Appellant argues that the admission of the transcript is hearsay, and moreover, constituted proceedings in connection with a no contest plea and was thus, again, inadmissible under Crim.R. 11(B)(2) and Evid.R. 410. Appellant claims that parts of the transcript, particularly some statements by the trial court, are irrelevant and prejudicial.
 {¶ 19} As a general rule, administrative agencies are not bound by the strict rules of evidence applied in court. Haley v. Ohio State Dental Bd. (1982), 7 Ohio App.3d 1, 6; Felice's Main Street v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1405, 2002-Ohio-5962. The hearsay rule is relaxed in administrative proceedings. Id; Adanich v. Ohio Optical Dispensers Bd. (Oct. 8, 1991), Franklin App. No. 91AP-300. Therefore, simply because the transcript of the sentencing hearing contained hearsay statements does not necessarily lead to the conclusion that the commission could not have considered its contents. Statements that would elsewhere be excluded as hearsay will be admissible in an administrative proceeding where they are not inherently unreliable, and may constitute reliable, probative, and substantial evidence. Doersam v. Gahanna (Sept. 30, 1997), Franklin App. No. 96APF12-1766; In re Petition for Annexation of 162.631 Acres (1988), 52 Ohio App.3d 8.
 {¶ 20} Arguably, the hearsay contained in the sentencing hearing transcript bears sufficient indicia of trustworthiness to be admissible in an administrative hearing; less arguably, it falls outside the bar against use of a no contest plea in subsequent civil proceedings. These questions are moot, however, because a review of the statements in question reveal that they simply were not of a prejudicial nature such that their admission affected the outcome of the proceedings. The board of examiners was obviously already aware of the bare fact of appellant's conviction for Medicaid fraud, and the transcript of the sentencing hearing added little if anything to this fact. The colloquy between the court, appellant, and the state did not disclose any particularly remarkable or prejudicial aspects of the offense. The rendition of the facts by the state was brief and reflected a rather moderate attitude toward appellant, as did the comments of the trial court. The inclusion of this hearsay was likely unnecessary in the proceedings before the board of examiners, but the ambivalent nature of the statements themselves reflect the absence of prejudice to appellant. In the absence of a showing of prejudice, any error in admitting the transcript was harmless, and will not give us grounds to reverse. We accordingly find that no prejudicial error occurred when the trial court found that the board of examiners had not erred in admitting the transcript. Appellant's third assignment of error is overruled.
 {¶ 21} Appellant's fourth assignment of error asserts that the trial court abused its discretion by finding that the board of examiners did not err in adopting the administrative hearing officer's report. Appellant asserts that the board of examiners, in doing so, was led to rely on Medicaid cost reports cited by the hearing officer that should not have been admitted as evidence of fraud.
 {¶ 22} Appellant was charged by the board of examiners with knowingly making "false or misleading statements or misrepresentations in Medicaid Cost Reports during service as the administrator of a nursing home as described in Count One, above, [which] demonstrates a lack of good moral character." Appellant argues that the cost reports do not contain evidence of fraud. Appellee contends that this is beside the point, since the cost reports were not admitted to prove fraud but, rather, used to prove that appellant served as an administrator of the nursing home. We agree with appellee's contention. R.C. 4751.10 requires that, in order for a license to be revoked, a person must be "practicing or offering to practice nursing home administration."
 {¶ 23} The cost reports were necessary to show that appellant was acting as a nursing home administrator when the fraud was perpetrated. We find the trial court did not err in adopting the administrative hearing officer's report, admitting cost reports of long term lodging, and finding that such reports supported revocation of license. Appellant's fourth assignment of error is overruled.
 {¶ 24} Assignments of error five, seven, eight, and nine all raise issues related to the manifest weight of the evidence relied upon to revoke appellant's license, and will be discussed together. Appellant asserts that the trial court erred in ruling that the board of examiners' order revoking appellant's license was supported by reliable, probative, and substantial evidence.
 {¶ 25} Conditions for revocation of a nursing home administrator's license are set forth in R.C. 4751.10:
The license or registration, or both, or the temporary license of any person practicing or offering to practice nursing home administration, shall be revoked or suspended by the board of examiners of nursing home administrators if such licensee or temporary licensee:
* * *
(C) Is guilty of fraud or deceit in the practice of nursing home administration or in his admission to such practice[.]
 {¶ 26} As set forth in our discussion of appellant's second assignment of error, appellant's Medicaid fraud conviction is admissible and the board of examiners was correct in considering this evidence when deciding to revoke appellant's license. In Columbus Bar Assn. v. Gloeckner (1982), 1 Ohio St.3d 83, 84, the Ohio Supreme Court stated: "A certified copy of a judgment entry of conviction of an offense shall be conclusive evidence of the commission of that offense in any disciplinary proceeding instituted against an attorney based upon the conviction." Applying the Supreme Court's logic, it is appropriate to surmise that the judgment entry in this case is reliable, probative, and substantial evidence of fraud or deceit. The other documentary evidence submitted is similar evidence of the fact that appellant was engaged in nursing home administration at the time of this conduct. The statutory elements supporting a revocation of appellant's license were met. The trial court did not abuse its discretion by finding that the revocation of appellant's license was based upon reliable, probative, and substantial evidence that appellant is guilty of fraud or deceit in the practice of nursing home administration. Appellant's fifth, seventh, eighth, and ninth assignments of error are overruled.
 {¶ 27} In appellant's sixth assignment of error, appellant argues that revoking his license based on one occurrence of misdemeanor Medicaid fraud, particularly when appellant had no prior offenses, is an excessive penalty.
 {¶ 28} Once reliable, probative, and substantive evidence is found to support an order by the board, then the reviewing court may not modify a sanction authorized by statute. Henry's Café v. Bd. of Liquor Control (1959), 170 Ohio St. 233. See, also, Hale v. Ohio State Veterinary Med. Bd. (1988), 47 Ohio App.3d 167 (in considering the appropriateness of a sanction, the trial court is limited to determining whether the sanction is within the range of acceptable choices).
 {¶ 29} Even if this court were inclined to be more lenient toward appellant, it could not modify a sanction imposed by the board of examiners as long as the penalty is one permitted under R.C. 4751.10. The statute clearly provides for the possible penalty of license revocation for the infractions with which appellant was charged, and, accordingly, will not be disturbed by this court. Appellant's sixth assignment of error is overruled.
 {¶ 30} In summary, appellant's nine assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, upholding the order of the Ohio State Board of Examiners of Nursing Home Administrators revoking appellant's license to practice nursing home administration in Ohio, is affirmed.
Judgment affirmed.
PETREE, P.J., and LAZARUS, J., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.