ROSSITER, Appellant,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Rossiter v. State Med. Bd. of Ohio,* 155 Ohio App.3d 689, 2004-Ohio-128.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–655.

Decided Jan. 15, 2004.

Kevin Byers, L.P.A., and Kevin J. Byers, for appellant.

Jim Petro, Attorney General, and Kyle C. Wilcox, Assistant Attorney General, for appellee.

LAZARUS, Presiding Judge.

{¶ 1} Appellant, Lawrence J. Rossiter, D.O., appeals from the May 20, 2003 decision and June 3, 2003 judgment entry affirming appellee State Medical Board of Ohio's order suspending appellant's license to practice osteopathic medicine and surgery in Ohio. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellant has been practicing medicine in the state of Ohio since 1968 as an emergency physician and a medical director for a substance-abuse program. In 1982, appellant began practicing as a solo general medical practitioner in Alliance, Ohio.

{¶ 3} In 1992, appellant discovered that one of his office employees failed to bill Medicaid patients for a number of years. After that employee quit, appellant attempted to handle the money flow and tax problems. However, appellant's attempt resulted in federal prosecution. In 1998, appellant pled guilty to one felony count of making and subscribing a false individual income tax return. Appellant admitted that for tax year 1992, he willfully filed a false individual income tax return Form 1040. Appellant also pled guilty to one misdemeanor

count of failure to file an employer's quarterly federal tax return. Appellant admitted that he willfully failed to file a return of federal income taxes withheld from his employees' wages. Appellant was ordered to pay back taxes in monthly payments, including a federal probationary supervision charge, a $2,000 fine, and complete six months of home electronic monitoring. Appellant was permitted to continue practicing medicine.

{¶ 4} On June 14, 2000, the medical board notified appellant that it proposed taking disciplinary action against appellant's license to practice medicine based on his 1998 convictions. The medical board alleged that appellant's convictions violated R.C. 4731.22(B)(5) (publishing a false, fraudulent, deceptive, or misleading statement), R.C. 4731.22(B)(9) (conviction of a felony), and R.C. 4731.22(B)(13) (conviction of a misdemeanor of moral turpitude).

{¶ 5} On September 5, 2000, the matter was heard before a hearing examiner of the medical board. On October 18, 2000, the hearing examiner recommended that appellant's license be permanently revoked but that the revocation be stayed and his license suspended indefinitely, for a minimum of 90 days, along with certain conditions for probation and reinstatement. Appellant filed objections to the hearing examiner's recommendations. The medical board adopted the hearing examiner's recommendations. Appellant appealed to the Franklin County Court of Common Pleas. On October 4, 2001, the trial court affirmed the medical board's decision. Appellant timely appealed to this court. See *Rossiter v. Ohio State Med. Bd.* (Apr. 25, 2002), Franklin App. No. 01AP–1252, 2002 WL 723811. ("*Rossiter I.*")

{¶ 6} In *Rossiter I*, we determined that appellant's misdemeanor conviction was not one involving moral turpitude pursuant to R.C. 4731.22(B)(13). We therefore reversed the judgment of the trial court and remanded the matter to the medical board to allow the board to reconsider the appropriate penalty.

{¶ 7} On July 10, 2002, the medical board amended the December 13, 2000 order by (1) deleting a finding of fact that related to appellant's guilty plea to the misdemeanor count of failure to file an employer's quarterly federal tax return; (2) by deleting a conclusion of law that appellant's guilty plea and the judicial finding of guilt as alleged in (1) constituted a plea of guilty to, or a judicial finding of guilt of, a misdemeanor involving moral turpitude pursuant to R.C. 4731.22(B)(13); (3) by amending the entry of order to read that "[t]he certificate of [appellant] to practice osteopathic medicine and surgery in the State of Ohio is SUSPENDED for an indefinite period of timed, but not less than 90 days" [1]; and

---

1. The December 13, 2000 entry of order read, "The certificate of [appellant] to practice osteopathic medicine and surgery in the State of Ohio shall be PERMANENTLY REVOKED.

(4) deleting a subparagraph of the entry of order that read, "[I]f [appellant] violates probation in any respect, the [medical board], after giving him notice and the opportunity to be heard, may set aside the stay order and impose the Permanent Revocation of [appellant's] certificate." (May 20, 2003 decision at 4.)

{¶ 8} The medical board sent appellant an amended order and entry on August 5, 2002. On August 20, 2002, appellant filed a notice of appeal with the medical board and with the Franklin County Court of Common Pleas. Appellant raised two arguments in his appeal. First, appellant argued that the medical board's decision was not in accordance with the law. Specifically, appellant contended that the medical board ignored the instructions of this court because there was no change in the medical board's order. According to appellant, the medical board merely deleted the language as it pertained to R.C. 4731.22(B)(13) and imposed the same penalty. The trial court determined that while this court did not require that the medical board change appellant's penalty, the medical board still retained significant discretion to do so. The medical board reduced appellant's previous discipline by eliminating the permanent revocation of appellant's license, which had been stayed.

{¶ 9} Appellant also maintained that the penalty imposed by the medical board violated his equal protection rights. Appellant specifically compared his case to that of a Dr. Young, who demanded that his employer cease withholding federal income tax from his earnings. The trial court determined that the report and recommendation in Dr. Young's case came from a different hearing officer and that the makeup of the medical board was different from appellant's. The trial court held that appellant failed to prove that the medical board intended to discriminate against him. As such, the trial court affirmed the July 10, 2002 order of the medical board suspending appellant's license to practice medicine and surgery in Ohio.

{¶ 10} Appellant timely appealed from the trial court's entry, assigning the following as error:

"First Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it found the order of the State Medical Board of Ohio is in accordance with law[.]"

{¶ 11} Under the standard of review in appeals from the medical board, the court of common pleas must affirm the medical board's order if the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. In *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992),

Such revocation is STAYED, and [appellant's] certificate is SUSPENDED for an indefinite period of time, but not less than 90 days."

63 Ohio St.3d 570, 571, 589 N.E.2d 1303, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:

"(1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) 'Substantial' evidence is evidence with some weight; it must have importance and value."

{¶ 12} The standard of review for the court of appeals in appeals of medical board orders from the court of common pleas, however, is abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Moreover, when reviewing an order from the medical board, the court must accord due deference to the board's interpretation of the technical and ethical requirements of its profession. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.

{¶ 13} In his sole assignment of error, appellant raises two arguments. First, appellant maintains that the medical board's imposition of the same penalty is contrary to the doctrine of stare decisis. Appellant argues that the medical board failed to abide by the judgment of this court in *Rossiter I* because the medical board was compelled to follow the mandates of our earlier decision to reconsider the sanction appropriate to the facts of his case. Appellant argues, "because the penalty of revocation was 'stayed' as part of the original order, the Board's deletion of that language on remand did nothing but trim meaningless surplusage from the order." (Appellant brief, 7–8.)

{¶ 14} Once reliable, probative, and substantial evidence is found to support an order by the medical board, then the reviewing court may not modify a sanction authorized by statute. *Henry's Cafe, Inc. v. Ohio Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678. See, also, *Hale v. Ohio State Veterinary Med. Bd.* (1988), 47 Ohio App.3d 167, 548 N.E.2d 247 (in considering the appropriateness of a sanction, the trial court is limited to determining whether the sanction is within the range of acceptable choices). Even if this court were inclined to be more lenient towards appellant, it could not modify a sanction imposed by the medical board as long as the penalty is one permitted under R.C. 4731.22(B)(5) and 4731.22(B)(9).

{¶ 15} In *Rossiter I*, we specifically held that "appellant's misdemeanor conviction, when considered in conjunction with the surrounding circumstances, was not one involving moral turpitude as contemplated by R.C. 4731.22(B)(13) * * * and that portion of the Board's order finding appellant violated R.C. 4731.22(B)(13) is

reversed." While we remanded the matter so the medical board *may* reconsider the appropriate penalty in view of this court's reversal of the R.C. 4731.22(B)(13) violation, we never held that the initial penalty imposed on appellant was inappropriate.

{¶ 16} Appellant was also charged with violating R.C. 4731.22(B)(5) and (B)(9). The medical board by a vote of not fewer than six of its members, shall limit, revoke, or suspend a certificate if the physician publishes a false, fraudulent, deceptive, or misleading statement pursuant to R.C. 4731.22(B)(5), or pleads guilty to or is judicially found guilty of a felony pursuant to R.C. 4731.22(B)(9). The medical board eliminated the initial order's provision that authorized the medical board to lift the stay of revocation in the event that appellant violated the terms of his probation. However, if the medical board chose not to make this amendment, it was well within its discretion, pursuant to R.C. 4731.22(B), to do so because appellant violated R.C. 4731.22(B)(5) and (B)(9).

{¶ 17} Additionally, the medical board complied with *Rossiter I* and reversed appellant's misdemeanor conviction by deleting the findings of fact and conclusions of law that appellant violated R.C. 4731.22(B)(13). Furthermore, contrary to appellant's assertion, a review of the record reveals that the medical board reconsidered the matter before imposing the amended penalty on appellant. Minutes of the July 10, 2002 medical board meeting indicated that all 11 members received, read, and considered *Rossiter I* and the medical board's initial December 13, 2000 order. Medical board member, Dr. Somani, informed the remaining members of the reason for this court's remand. A motion was made by Dr. Bhati to amend the medical board's December 13, 2000 findings and order. Eight members voted on Dr. Bhati's motion to modify appellant's penalty. Two board members abstained.[2] The medical board, pursuant to a vote, approved and confirmed the amendment of the December 13, 2000 findings of fact, conclusion, and order.

{¶ 18} R.C. 4731.22(B) clearly provides for the possible penalty of license suspension for the infractions with which appellant was charged. As such, the decision of the trial court in affirming the medical board's order to suspend appellant's license to practice medicine and surgery will not be disturbed by this court.

{¶ 19} Second, appellant contends that *R.C. 4731.22(B)*, as applied, violated his equal protection rights as protected by the United States and Ohio Constitutions.

---

2. Pursuant to R.C. 4731.22(F)(2), no member of the medical board who supervises the investigation of a case shall participate in further adjudication of the case. Therefore, the secretary and supervising member abstained from further participation in the adjudication of the matters as it related to appellant.

As the basis for his equal protection claim, appellant points to the case of Dr. Young, who allegedly received more lenient discipline from the board. Appellant claims that the board has no rational basis for the unequal treatment rendered him under the statute.

{¶ 20} Dr. Young made a conscious decision to stop paying federal income taxes in the amount of $159,813 for calendar year 1995. In 1999, Dr. Young pled guilty to one count of tax evasion under Section 7201, Title 26, U.S.Code. In 2000, the medical board alleged that Dr. Young's guilty plea constituted a violation of R.C. 4731.22(B)(9) (conviction of a felony). The medical board ordered that Dr. Young's certificate to practice medicine and surgery in Ohio be suspended for a period of 30 days. The medical board stayed that suspension, subject to certain probationary terms, conditions, and limitations Dr. Young had to abide by for a period of at least three years. Appellant alleges disparate treatment because the medical board treated two similarly situated physicians differently.

{¶ 21} In *Vaughn v. State Med. Bd. of Ohio* (Nov. 30, 1995), Franklin App. No. 95APE05–645, 1995 WL 704753, this court found that where a physician offers no evidence to support a claim of discrimination other than a list of other physicians who received lesser sanctions, no equal protection violation is shown. Because the standard for determining violations of equal protection is essentially the same under the state and federal law, *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 63, 676 N.E.2d 506, citing *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 491, 21 O.O.3d 302, 424 N.E.2d 586, appellant has failed to demonstrate that *R.C. 4731.22(B)* as applied, resulted in discrimination under the Ohio or United States Constitutions. *Bouquett v. Ohio State. Med. Bd.* (1997), 123 Ohio App.3d 466, 704 N.E.2d 583. As such, appellant's equal protection argument lacks merit. Accordingly, appellant's sole assignment of error is not well taken.

{¶ 22} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

KLATT and WATSON, JJ., concur.