OPINION
{¶ 1} Appellant, Diane M. Chia, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, the Ohio Board of Nursing ("the board"), revoking appellant's license. Because the trial court did not abuse its discretion in finding that the board's decision was supported by reliable, probative, and substantial evidence, and was in accordance with law, we affirm that judgment.
 {¶ 2} Appellant was a licensed nurse in the state of Ohio. In 2002, while she was employed by a health care center in Cincinnati, Ohio, she took a patient's Percodan tablet for her own use. Subsequently, appellant pled no contest and was found guilty by the Hamilton County Court of Common Pleas of one count of theft of drugs in violation of R.C. 2913.02(A)(2), a felony of the fourth degree. On January 17, 2003, the board mailed to appellant a Notice of Immediate Suspension and Opportunity for Hearing ("notice"). In that notice, the board informed appellant that her license was immediately suspended as a result of her felony drug abuse conviction. The notice also informed appellant that the board proposed further sanctions to her license and that she was entitled to a hearing regarding those sanctions if she requested one within 30 days. The notice was delivered by certified mail to appellant's address on January 25, 2003, and a certified mail receipt was returned to the board signed by a Michael "Chia" or "Chad." Appellant did not respond to the notice.
 {¶ 3} On April 30, 2003, without having heard from appellant, the board mailed her a letter informing her that it would consider sanctions to her license at its regularly scheduled meeting in May. In response, appellant mailed a letter to the board dated May 9, 2003, explaining why she did not respond to the board's notice. She contended that she was incarcerated and did not actually receive the letter until March of 2003. Nevertheless, she did not request a hearing or a continuance of the board's meeting nor did she state an intention to appear at the board's meeting. At their meeting, the board permanently revoked appellant's nursing license. Appellant appealed that decision to the Franklin County Court of Common Pleas. That court affirmed the board's decision, finding that it was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 4} Appellant appeals, assigning the following errors:
First Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it found the order of the Ohio Board of Nursing is supported by reliable, probative, and substantial evidence.
Second Assignment of Error: The trial court abused its discretion and erred to appellant's prejudice when it found the order of the ohio board of nursing is in accordance with law.
 {¶ 5} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87; Rossiter v. State Medical Bd. ofOhio, 155 Ohio App.3d 689, 2004-Ohio-128, at ¶ 11. Reliable, probative, and substantial evidence has been defined as follows: "* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value."
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571.
 {¶ 6} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 7} Appellant's assignments of error are interrelated and will be addressed together. Appellant does not dispute that she was convicted of a felony drug offense. Rather, she contends that she did not receive proper notice of the board's intent to sanction her license. We disagree.
 {¶ 8} The board mailed the notice to appellant's address via certified mail on January 21, 2003. If a notice is sent by certified mail, return receipt requested, and thereafter a signed receipt is returned to the sender, a prima facie case of delivery to the addressee is established. Tripodi v. Ohio Liquor ControlComm. (1970), 21 Ohio App.2d 110, 112. Valid service of process is presumed when the envelope is received by any person at the address; the recipient need not be an agent of the addressee.Ohio Civ. Rights Comm. v. First Am. Properties, Inc. (1996),113 Ohio App.3d 233, 237; see, also, Oak Grove Manor, Inc. v.Ohio Dept. of Human Services (Oct. 23, 2001), Franklin App. No. 01AP-71. In the case at bar, the certified mail receipt for the notice was signed for and returned to the board. Therefore, there is a presumption that valid service was completed. See NewCo-Operative Co. v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1124, 2002-Ohio-2244, at ¶ 8.
 {¶ 9} This presumption of valid service is rebuttable by sufficient evidence demonstrating non-service. Grant v. Ivy
(1980), 69 Ohio App.2d 40, 42. Appellant did not present an affidavit in an attempt to overcome the presumption of valid service. The only evidence appellant submitted was her May 9th letter to the board. The letter suggests that appellant was aware of the notice but she did not fully understand what was at issue or that a timely response was required. Her letter also does not indicate how or when she discovered the board's intent to sanction her license. Although appellant's letter indicates that she was incarcerated or in a residential long term treatment facility during the relevant time frame, she does not explain how she received the April 30 letter but not the January 17 notice when they were both mailed to the same address. Appellant's letter is simply insufficient to rebut the presumption of valid service and the trial court did not abuse its discretion by finding that valid service was completed. Cf. New Co-Operative,
supra, at ¶ 11.
 {¶ 10} Furthermore, even if valid service was not completed on January 25, 2003, appellant indicated in her letter that she received the notice in late March of 2003. Assuming this to be true, appellant still did not attempt to communicate with the board until her May 9th letter, which was more than 30 days from when she admits she received the notice. Therefore, appellant would not have been entitled to a hearing on the proposed additional sanctions.
 {¶ 11} Appellant also contends that the board's notice was ambiguous because it did not clearly explain that her license was suspended and that she was entitled to a hearing on the board's proposed additional sanctions if she requested one within 30 days. We disagree. The board's notice clearly informed appellant that her license was immediately suspended due to her felony drug conviction. The notice goes on to plainly state that the board proposed further sanctions and that she was entitled to a hearing concerning those additional sanctions if she requested one within 30 days. There is nothing ambiguous about the notice.
 {¶ 12} In conclusion, the notice clearly informed appellant that her license was immediately suspended. The notice also clearly notified her that the board sought to impose additional sanctions and that she was entitled to a hearing concerning those additional sanctions if she requested one within 30 days. The notice was mailed via certified mail to appellant's address and was signed for by an individual at that address. Appellant did not present sufficient evidence to overcome the presumption of valid service. Even had she been able to overcome this presumption, appellant still failed to respond within 30 days of when she admits she received the notice. Accordingly, the trial court did not abuse its discretion by finding that the board's decision to permanently revoke appellant's license was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 13} Appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.